UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACQUES SAADE,<br><br>    Plaintiff,<br><br>    v.<br><br>FAY SERVICING, LLC, and<br>WILMINGTON TRUST, NATIONAL<br>ASSOCIATION, as Trustee of MFRA TRUST<br>2014-2,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 20-cv-11951-IT<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

ORDER
August 13, 2021

TALWANI, D.J.

Plaintiff Jacques Saade brings this action against Defendants Fay Servicing, LLC, Plaintiff's mortgage servicer, and Wilmington Trust, N.A., as Trustee of MFRA Trust 2014-2, Plaintiff's mortgage holder (collectively, "Defendants"), complaining that Defendants have violated state and federal statutes in their handling of a mortgage on Plaintiff's property at 300 Commercial Street, Unit 611, Boston, MA (the "Property"). See Compl. ¶¶ 1-3 [#1]. This is Plaintiff's sixth action before this court asserting wrongful conduct by Defendants and their predecessors in interest in relation to the mortgage on the Property. See Saade v. PennyMac Loan Services, LLC, et al., No. 15-cv-12275 ("First Prior Action"); Saade v. PennyMac Loan Services, LLC, et al., No. 15-cv-13611 ("Second Prior Action"); Saade v. Wilmington Savings Fund Society, et al., No. 16-cv-11982 ("Third Prior Action"); Saade v. Wilmington Trust, National Association, et al., No. 18-cv-11534 and related case No. 18-cv-11873 ("Fourth and

Fifth Prior Actions"). The factual allegations underlying Plaintiff's assertion that Defendants engaged in wrongdoing have been previously set forth in detail and are not repeated here.

On May 13, 2019, the court entered a <u>Memorandum and Order</u> in the Fourth and Fifth Prior Actions, <u>see</u> Case No. 18-cv-11534, ECF No. 73, ruling that several of Plaintiff's claims were barred as a matter of res judicata (based upon the First and Second Prior Actions) and finding that the remaining claims failed to state a claim for relief as a matter of law. Although the court declined Defendants' request for sanctions, in light of Plaintiff's successive and cumulative filings, the court also implemented a pre-screening procedure wherein any subsequent action brought by Plaintiff against any of the Defendants named in the First through Fifth Prior Actions would be automatically stayed until further court order. <u>Id.</u> at 14–16.

Plaintiff filed this action on October 29, 2020. The <u>Complaint</u> [#1] brings four claims. Claim 1 asserts that Defendants' May 31, 2018 Notice of Default was insufficient under Massachusetts law. Compl. ¶¶ 1–15 [#1]. Claims 2 and 3 assert that Fay Servicing acted unlawfully by account of an October 5, 2020 letter advising Saade that he may call Fay Servicing if Saade sought to refinance or modify the debt. <u>Id.</u> ¶¶ 17, 25 (citing Pl.'s Ex. A [#1-1]). Saade claims that when he attempted to call Fay Servicing "to proceed with this proposition," he was "told that Fay Servicing would not discuss this matter." <u>Id.</u> ¶¶ 18, 26. Claim 4 asserts a cause of action under the Fair Debt Collection Practices Act and Massachusetts law in relation to a September 11, 2020 letter wherein Defendant Fay Servicing conveyed to Plaintiff that its records showed that Plaintiff's flood insurance on the Property had expired and warned Plaintiff that if Plaintiff did not provide proof of insurance, Fay Servicing would buy insurance on the Property and bill Plaintiff for the costs. <u>Id.</u> ¶¶ 31–32 (citing Pl.'s Ex. B [#1-1]). Plaintiff alleges that he sent proof of insurance to Fay Servicing by mail. <u>Id.</u> ¶ 31. However, Plaintiff alleges that when

he called Fay servicing to discuss the matter, Fay servicing "would not discuss the account with plaintiff." Id. ¶ 32.

Pursuant to the court's screening order, following review of the Complaint, the court sua sponte dismissed Claim 1 based on res judicata since Plaintiff's claim that the 2018 Notice was unlawful could have could have been raised in Plaintiff's earlier action (where, in fact, he challenged the validity of this very same Notice on other grounds). See Order 2–3 [#18]. However, even though Claims 2, 3, and 4 also related to the same mortgage on the same Property, the court allowed these claims to proceed past the court's pre-screening review where Plaintiff asserted that the causes of action purportedly arose following the court's earlier judgment. Id. at 3–4. Now before the court is Defendants' Motion to Dismiss [#19], where Defendants argue that claims 2, 3, and 4 are also precluded as res judicata and that, in any event, the claims fail to state a claim for relief. Plaintiff has filed a 23-page Opposition [#24] and a 20-page Memorandum in Support [#26]. Upon review of the filings, the court concludes that claims 2, 3, and 4 are also precluded on grounds of res judicata or, alternatively, fail to state a claim.

Starting with claims 2 and 3, the basis for relief is not plain from the Complaint nor from Plaintiff's memoranda in opposition to Defendants' motion to dismiss. Taking into account the liberal pleading standards by which the court construes the pro se filings, there are two conceivable theories for liability on each claim. One is that Defendants have failed to comply with their obligations under Mass. Gen. Laws ch. 244 § 35A (claim 2) and § 35B (claim 3) with regard to Plaintiff's mortgage. The other is that Fay Servicing's October 5, 2020 letter constitutes an offer by Defendants to renegotiate the terms of Plaintiff's mortgage and that the court should now order Defendants to renegotiate the terms with Plaintiff as (assertedly) promised. Under either interpretation, claims 2 and 3 fail.

To the extent that claims 2 and 3 contend that Defendants have (prior to the issuance of this letter) failed to comply with Mass. Gen. Laws ch. 244 §§ 35A and 35B in the servicing of Plaintiff's mortgage, the claim rests on the same legal arguments previously rejected by the court in the Third, Fourth and Fifth Prior Actions. See No. 16-cv-11982, ECF No. 81, at 12–13 (D. Mass. Sept. 26, 2017); Saade v. Wilmington Trust, National Association, No. 18-cv-11534, ECF No. 72, at 8–9 (D. Mass. May 13, 2019). The court understands Plaintiff's memoranda in opposition to contend that the court's previous rulings misconstrued the law; that is an argument to be made on appeal of the court's prior rulings (as Plaintiff has done), not through a new action relitigating the same legal issues each time Defendants send Plaintiff a letter. And although the October 5, 2020 letter postdated the court's previous judgment and could therefore conceivably create a new cause of action under §§ 35A and 35B if there was a legal basis for Plaintiff's claim, Plaintiff has not alleged how the letter, by itself, is deficient under either provision (the letter, which is neither a demand letter, a foreclosure publication, or a notice to cure, does not appear to be even governed by either section).

Alternatively, to the extent that Plaintiff contends that the October 5, 2020 letter constitutes an "offer" by Defendants to renegotiate the terms of the mortgage, see, e.g., Compl. ¶¶ 24, 27 [#1] (stating, for claim 2, that Plaintiff was seeking to "enforce the October 5, 2020 proposition" and, for claim 3, to "conclude the proposition presented by the October 5, 2020 correspondence") the claim is, on its face, without merit. The subject letter, which Plaintiff has attached to his Complaint, states in plain terms that Defendants were not offering Plaintiff any such relief but that Plaintiff could inquire with Fay Servicing about his options. See Compl., Ex. A [#1-1] ("you may qualify" . . . "subject to owner of the loan approval" . . . "we will first determine if you are eligible for any available options based upon your situation."). Plaintiff's

allegation that Defendants were unwilling to engage in any negotiations regarding the terms of the loan is, in no way, inconsistent with the representations made in the letter and therefore cannot sustain a cause of action.

The court turns next to claim 4, which fails for similar reasons. In claim 4, Plaintiff asks the court to "resolve the insurance controversy." Compl. ¶ 7 [#1]. Construing Plaintiff's pro se complaint liberally, the court understands Plaintiff to be requesting declaratory relief. But the allegations in the complaint fail to articulate any dispute. Namely, Plaintiff alleges that Defendant Fay Servicing asked Plaintiff to confirm his insurance coverage. Id. ¶ 31. Plaintiff further alleges that he subsequently sent Fay Servicing proof of coverage by mail as requested. Id. Plaintiff does not include any allegations that Fay Servicing did not accept his proof of coverage or that there is any ongoing dispute between the parties as to Plaintiff's requirements to obtain insurance coverage as a matter of contract or under the governing law. Moreover, Plaintiff has not alleged any pecuniary loss arising from Plaintiff obtaining insurance coverage in response to the September 11, 2020 letter.[1] In the absence of any actual controversy, the court may not grant declaratory relief. See Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 272 (1941).

For the forgoing reasons, Defendants' Motion to Dismiss [#19] is GRANTED.

IT IS SO ORDERED

Date: August 13, 2021

/s/ Indira Talwani
United States District Judge

---

[1] Plaintiff asserts that "in light of these events, this action is now proper to . . . determine the amount of debt pursuant to 15 U.S.C. § 1692g and G.L.c. 244 § 35A." Compl. ¶ 32 [#1]. However, Plaintiff does not explain why the insurance coverage dispute, which appears to be no dispute at all, would necessitate the court revisiting issues litigated in the prior actions and presently subject to ongoing litigation at the Court of Appeals.