UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JACQUES SAADE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 20-cv-11951-IT |
| | * | |
| FAY SERVICING, LLC, and | * | |
| WILMINGTON TRUST, NATIONAL | * | |
| ASSOCIATION, as Trustee of MFRA TRUST | * | |
| 2014-2, | * | |
| | * | |
| Defendants. | * | |
| | * | |

MEMORANDUM & ORDER

March 24, 2022

TALWANI, D.J.

    Plaintiff Jacques Saade brings this action against Defendants Fay Servicing, LLC ("Fay

Servicing"), his mortgage servicer, and Wilmington Trust, N.A., as Trustee of MFRA Trust

2014-2, his mortgage holder, alleging Defendants violated Massachusetts law in their handling of

a mortgage on Plaintiff's property at 300 Commercial Street, Unit 611, Boston, MA (the

"Mortgage"). See Compl. ¶¶ 1–3 [Doc. No. 1]. Now before the court is Plaintiff's Motion to

Amend the Complaint [Doc. No. 45]. For the reasons that follow, Plaintiff's motion is DENIED.

I.    **Background**

    This is Plaintiff's sixth action before this court asserting wrongful conduct by Defendants

and their predecessors in interest connected to his Mortgage. See Saade v. PennyMac Loan

Services, LLC, et al., No. 15-cv-12275 ("First Prior Action"); Saade v. PennyMac Loan

Services, LLC, et al., No. 15-cv-13611 ("Second Prior Action"); Saade v. Wilmington Savings

Fund Society, et al., No. 16-cv-11982 ("Third Prior Action"); Saade v. Wilmington Trust, National Association, et al., No. 18-cv-11534 and related case No. 18-cv-11873 ("Fourth and Fifth Prior Actions"). The factual allegations underlying Plaintiff's assertion that Defendants engaged in wrongdoing have been previously set forth in detail and are not repeated here.

Plaintiff filed this action on October 29, 2020. In his initial Complaint [Doc. No. 1] Plaintiff alleged, inter alia, that Defendants violated Massachusetts law as a result of alleged deficiencies in their May 31, 2018 Notice of Default (Count I) and October 5, 2020 informational letter regarding debt modification resources (Counts II, III). Compl. ¶¶ 1–15, 17, 26 [Doc. No. 1] (citing Pl.'s Ex. A [Doc. No. 1-1]). Pursuant to the court's Screening Order, see Case No. 18-cv-11534, ECF No. 73, following review of the Complaint [Doc. No. 1-1], the court sua sponte dismissed Claim I based on res judicata. See Order 2–3 [Doc No.18]. Though the remaining claims also related to the Mortgage, the court allowed those claims to proceed past the court's pre-screening review where Plaintiff asserted that the causes of action purportedly accrued following the court's earlier judgment. Id. at 3–4. Thereafter, Defendants moved to dismiss the remaining claims. [Doc. No. 19]. On August 13, 2021, the court granted Defendants' motion, dismissing Plaintiff's remaining claims on claim preclusion grounds or, alternatively, for failure to state a claim. See Order [Doc. No. 38].

Plaintiff now seeks permission to amend Counts II and III of his initial Complaint [Doc. No. 1] to add claims arising out of two April 22, 2021 notices issued in connection with the Mortgage. Mot. to Amend [Doc. No. 45].

## II.    Standard

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading shall be freely granted "when justice so requires." Nevertheless, a motion for leave to amend may be denied in

cases of (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, or (4) futility of amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962). Defendants contend, inter alia, that Plaintiff's Motion [Doc. No. 45] should be denied on futility grounds. The court addresses these arguments first.

When leave to amend is sought before discovery is complete, and neither party has moved for summary judgment, futility is gauged by the same standard as legal sufficiency under Rule 12(b)(6). See Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001). To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## III.    Discussion

Plaintiff seeks to bring new claims against Defendants concerning two April 22, 2021 notices. The notices—Notice of 90-Day Right to Cure ("Cure Notice") and Notice of Right to Request a Modified Mortgage Loan ("Modification Notice")—were sent by Fay Servicing pursuant to its obligations under G.L. c. 244, §§ 35A and 35B. Plaintiff contends both notices are invalid because they lack statutorily mandated information.[1]

---

[1] Plaintiff did not include the Notices with his motion, but Defendants attached both Notices, Opp'n Ex. A [Doc. No. 47-1], to their Opposition [Doc. No. 47]. The court incorporates them by reference. See Lydon v. Local 103, Int'l Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014).

First, Plaintiff complains that the Cure Notice was deficient under G.L. c. 244, § 35A for failing to "identify the 'mortgagee' and its telephone number, and the name of the mortgage broker, and the first and last name and telephone number in which plaintiff may call regarding these notices" in accordance with the statute. Prop. Am. Compl. ¶ 19 [Doc. No. 45-1]. But the Cure Notice does identify the mortgage loan originator and all other information required by Section 35A. The Cure Notice identifies the mortgage originator, Mortgage Lender's Network USA Inc., in the subject line and unambiguously contains the name, telephone number and address of the 'mortgagee'—Defendant Fay Servicing, LLC—as the point of contact "[i]f [Plaintiff has] questions, or disagree[s] with the calculation of [his] past due balance." Cure Notice 12 [Doc. No. 47-1]; see 209 C.M.R. § 56.04; G.L. c. 244, § 35A(c) (requiring "name and address of the mortgagee, or anyone holding thereunder, and the telephone number of a representative of the mortgagee whom the mortgagor may contact if the mortgagor disagrees with the mortgagee's assertion that a default has occurred or the correctness of the mortgagee's calculation of the amount required to cure the default"). Accordingly, Plaintiff's allegations are futile because they lack sufficient facts to support a claim that the Cure Notice was deficient under G.L. c. 244, § 35A.

Plaintiff also seeks to amend Count II with allegations that April 22, 2021 notices contained false or unfair information in violation of G.L. c. 244, § 35A, 15 U.S.C. § 1692, and G.L. c. 244, § 93A. But Plaintiff has not identified the statements that form the basis of this claim. See Prop. Am. Compl. [Doc. No. 45-1]. To the extent Plaintiff seeks to base his allegations on Fay Servicing's unwillingness to speak with him and its assertion "that it seeks to foreclose," the court finds no inconsistency between these statements and Fay Servicing's representations in the April 2021 notices. Id. at ¶ 23; see Cure Notice 10 [Doc. No.  47-1] ("If

4

you do not pay the total past due amount . . . by 07/21/2021, you may be evicted from your home after a foreclosure sale . . . . [i]f you have questions, or disagree with the calculation of your past due balance, please contact Fay Servicing . . .); Modification Notice 14 [Doc. No. 47-1] ("If you want to request a loan modification or other foreclosure alternative option, you must complete and return the enclosed Mortgage Modification Options form along with any supporting information no later than 05/22/2021 . . . . [i]f you have questions, please contact Fay Servicing . . . [w]e suggest you mention this notice when you call"). Accordingly, Plaintiff's allegations asserting false or unfair information in the April 2021 notices are futile.

Next, Plaintiff complains Defendants failed "to send a notice of the mortgagor's rights to pursue a modified mortgage loan [which] . . . shall be granted once during any 3–year period, regardless of the mortgage holder" pursuant to G.L. c. 244, § 35B.  Prop. Am. Compl. ¶ 30 [Doc. No. 45-1] (quoting Stokes v. Wells Fargo Bank, N.A., 37 F. Supp. 3d 525, 534 (D. Mass. 2014)). But Plaintiff acknowledges receipt of the Section 35B Modification Notice from Fay Servicing dated April 22, 2021. Id. at ¶ 18. And the Modification Notice informed Plaintiff that he was eligible "to request a modification of [his] mortgage with Fay Servicing," and that "[i]f [he] want[ed] to request a loan modification or other foreclosure alternative option, [he] must complete and return the enclosed Mortgage Modification Options form . . . no later than 05/22/2021." Modification Notice 14 [Doc. No. 47-1]. Further, the Modification Notice plainly states in bold print: "If you do not return the enclosed Mortgage Modification options form and a completed loan modification application by 05/22/2021 your right to cure your mortgage default will end on July 21, 2021." Id. But Plaintiff's Proposed Amended Complaint [Doc. No. 45-1] does not allege that he returned the completed Mortgage Modification Options form by the May 22, 2021 deadline or at any point prior to July 21, 2021 when the cure period on the Mortgage

5

expired. Where Plaintiff acknowledges receiving the Modification Notice and does not allege that he timely submitted a request to modify the Mortgage in accordance with the notice's instructions, Plaintiff has no cause of action under Section 35B and his allegations are futile.

Finally, to the extent the Proposed Amended Complaint [Doc. No. 45-1] seeks to add new causes of action concerning the October 5, 2020 letter at issue in Plaintiff's initial Complaint [Doc. No. 1], the amendments are improper. Plaintiff's motion failed to identify any such new claims and offered no explanation for not raising these causes of action prior to the dismissal of his initial Complaint [Doc. No. 1].

For the forgoing reasons, Plaintiff's Motion to Amend [Doc. No. 45] is DENIED.

IT IS SO ORDERED.

/s/ Indira Talwani
Date: March 24, 2022                         United States District Judge